FILED'06 SEP 06 1456USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

        Plaintiff,

   vs.

ANTHONY PAUL BRENNEKE, an individual; NSP DEVELOPMENT, INC., an Oregon corporation; SHERWOOD H.D. LLC, an Oregon limited liability company,

        Defendants.

Civil No. 06-303-AA
OPINION AND ORDER

---

Jan D. Sokol
Tyler J. Storti
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-0699
    Attorneys for plaintiff

Robert S. Simon
Attorney At Law
PO Box 820035
Portland, Oregon 97282-1035
    Attorney for defendant Brenneke

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff moves for summary judgment in this breach of contract case.   Plaintiff's motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff executed an Indemnity Agreement with defendant Anthony Paul Brenneke (Brenneke) in connection with a supersedeas bond plaintiff posted at defendants' request.   Specifically, effective May 17, 2001, at the request of defendants Brenneke, NSP Development, Inc. (NSP) and Sherwood H.D. LLC (Sherwood), as Principals, plaintiff, as Surety, posted a supersedeas bond (the Bond) in favor of Polygon Northwest Company (Polygon) as Obligee. The Bond, which was posted in connection with the defendants' appeal of certain judgments (Appealed Judgment) entered against them and in favor of Polygon in Multnomah County Circuit Court, was in the amount of $297,503.[1]

In partial consideration for and to induce plaintiff to post the Bond, effective May 17, 2001, Brenneke, NSP and Sherwood, executed in favor of plaintiff a Commercial Surety Bond Application (the Indemnity Agreement).   Under the Indemnity Agreement, among other things, defendants agreed to indemnify plaintiff and hold it harmless from all damages, costs, charges and "expenses of whatsoever kind or nature" incurred with

---

[1] This Court previously entered default judgments against defendants NSP and Sherwood.

furnishing any Bond.  Also, defendants agreed to deposit with
plaintiff on demand an amount sufficient to discharge any claim
made against plaintiff on this Bond.  See Ex. B to Connelly
Affidavit, at 1.  Further, the Agreement provides, the obligee or
beneficiary under the Bond may make a demand for payment against
the Bond and when such demand is made, plaintiff must pay the
amount of the demand (not to exceed the sum of the Bond).  If the
Indemnitors received notice from plaintiff that a demand has been
made against the Bond, they must within three business days
before payment of the demand is due, pay plaintiff the full
amount of the demand as well as all necessary fees.  Failure to
make such payment to the plaintiff will cause the Indemnitors to
be additionally liable for all reasonable costs and expenses,
including attorney fees incurred by plaintiff enforcing this
agreement.  Id.

On November 18, 2004, Polygon demanded payment on the Bond
in the amount of $297,503 by filing with the Oregon Court of
Appeals and serving plaintiff and Brenneke a Request for Judgment
against Surety.  In response to this demand, plaintiff wrote two
letters to Brenneke dated December 23, 2004, and January 7, 2005,
demanding that Brenneke deposit with plaintiff the sum of
$297,503 "as security for [plaintiff] to cover the claim made by
Polygon" and "potential legal costs incurred in the handling of
the claim," as required by the Indemnity Agreement.  Neither

Page 3 - OPINION AND ORDER

Brenneke, nor anyone acting on his or the other Indemnitors'
behalf, ever responded to plaintiff's letters.

Effective February 23, 2005, an Appellate Judgment and
Supplemental Judgment were entered by the Oregon Court of Appeals
affirming the appealed judgments.  That Judgment awarded
Polygon's attorney fees and costs against defendants, and entered
a money award in the amount of  $297,503 against plaintiff, as
surety, and in favor of Polygon.  On February 28, 2005, pursuant
to the terms of the Bond and the Indemnity Agreement, plaintiff
delivered a  check in the amount of $297,503 to Polygon in
satisfaction of the Appellate Judgment against plaintiff.

Brenneke failed to respond to plaintiff's demands upon him
to indemnify and hold plaintiff harmless, therefore, plaintiff
filed the suit at bar to enforce its rights under the Indemnity
Agreement.  On December 22, 2005, in enforcing one of the
Assigned Judgments, plaintiff petitioned the court to authorize
the Clerk to issue a Writ of Execution directing the Sheriff to
sell Brenneke's personal residence in satisfaction of one of the
Assigned Judgments.  Despite a 3 ½ month delay due to several
motions and appeals filed by Brenneke (none of which were
successful), the Multnomah County Sheriff's Office executed the
Writ. Plaintiff eventually received $209,025.48 from those
proceeds.  Plaintiff credited that amount against the amount owed
plaintiff by Brenneke.

Page 4 - OPINION AND ORDER

Plaintiff asserts that Brenneke still owes it $211,300.
That sum represents the balance remaining of the sum paid to
Polygon on the Bond and other amounts including attorney fees,
costs, expenses, and interest.

### STANDARDS

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." Fed. R. Civ. P.
56(c). Substantive law on an issue determines the materiality of
a fact. T.W. Electrical Service, Inc. v. Pacific Electrical
Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).

The moving party has the burden of establishing the absence
of a genuine issue of material fact. Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986). If the moving party shows the absence
of a genuine issue of material fact, the nonmoving party must go
beyond the pleadings and identify facts which show a genuine
issue for trial. Id. at 324.

///

Page 5 - OPINION AND ORDER

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Brenneke's opposition to plaintiff's motion for summary judgment asserts that this court lacks personal jurisdiction over him because he was not served with a copy of the summons and complaint. I disagree. Fed. R. Civ. P. 4(e) provides that individuals may be served either by delivering a copy of the summons and complaint to them personally or pursuant to the law of the state in which the district court is located. See Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)(FRCP 4(d) "is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint"); Or. R. Civ. P. 7D(1)("Summons shall be served . . . in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend"); Or. R. Civ. P. 7G("Failure to comply with the provisions of this rule . . . shall not affect the validity of service of summons or the

Page 6 - OPINION AND ORDER

existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action").

Here, it is undisputed that Brenneke had sufficient notice of this action and of the allegations in plaintiff's complaint. Even if this court accepts as true Brenneke's allegation that he has not been personally served, there can be no dispute that Brenneke and his counsel have known of the existence of this action since at least May 15, 2006, when Brenneke's Notice of Appearance was filed. See Docket no. 15.

Further, I find that Brenneke was, in fact, properly served with the Summons and Complaint in this action as a matter of law. The "general rule" in attempting to serve a defendant who may be evasive or refuses to accept delivery of service after being informed of the legal nature of the papers, allows the process server to merely leave the papers in the defendant's presence or physical proximity. See Wright & Miller, Federal Practice and Procedure, § 1095 at 71-72. The record here shows that the process server had personal knowledge of previous attempts by Brenneke to evade and/or refuse acceptance of service. Affidavit of Phil Sheldon, at ¶¶ 1-4. Sheldon stated that he made five visits to the Brenneke residence over the course of two weeks before anyone answered the intercom or the door when trying to serve Brenneke with the current action. Id. at ¶¶ 1,3,4.

Page 7 - OPINION AND ORDER

Sheldon left two notes at Brenneke's residence containing his
contact information and returned two days later to find that the
notes were no longer where he left them and at no point did
Brenneke or anyone acting on his behalf contact him or his
service company.  Id.

Finally, on Sheldon's fifth visit to the Brenneke residence,
when Brenneke finally answered the intercom, Sheldon identified
himself and indicated to Brenneke that he had some legal
documents for him.  Brenneke, however, refused to open the door.
Id. at ¶ 4.  Instead, Brenneke stood in the window next to the
front door as Sheldon held out the Complaint and Summons towards
the window in which Brenneke was standing and announced in a loud
voice, "you are served," and left the documents on the doorstep.
Id.  Brenneke's response does not address or respond to any facts
contained in the Sheldon affidavit.  Brenneke's Declaration
merely states that, "I have not been served with any summons or
complaint in any matter involving [plaintiff]."  This unsupported
assertion is insufficient to raise a genuine issue of material
fact with respect to Brenneke's personal jurisdiction defense.
In sum, I find that Brenneke was properly served and had notice
of the complaint in this matter in accordance with the Rules.

Regarding the merits of plaintiff's claim, Brenneke asserts
only that plaintiff has "no damages," because "it has not
demonstrated that it paid pursuant to an Indemnity agreement."

Plaintiff's Response, p. 4.  I find no basis or evidence in the record to support Brenneke's assertion, nor do I find a genuine issue of material fact.  To the contrary, the record demonstrates that plaintiff, in fact, paid the Obligee's demand pursuant to the terms of the Bond after Brenneke refused to respond to plaintiff's multiple demands upon him for Indemnity.  Connelly Affidavit, at ¶¶ 9-13.  Further, a copy of the $297,503 check from plaintiff to Polygon is attached to Connelly's Affidavit. Id., Ex. G.  This evidence undisputably establishes that plaintiff paid the sum of the Bond, which under the Indemnity Agreement, plaintiff is entitled to be indemnified by Brenneke. Id., Ex. B at 1.

Therefore, I find no genuine issues of material fact and find that plaintiff is entitled to all amounts, including attorney fees, incurred in connection with its posting of the Bond and enforcement of the Indemnity Agreement.

<u>CONCLUSION</u>

Plaintiff's motion for summary judgment (doc. 22) is granted.  The court notes that plaintiff withdrew its request for oral argument on this motion.  Further, defendant Brenneke's motion for enlargement of time to file a response (doc. 29) is granted, and the court has considered Brenneke's Response.  This case is dismissed and all pending motions are denied as moot. IT IS SO ORDERED.

Page 9 - OPINION AND ORDER

Dated this __6__ day of ~~August~~ 2006.

September

Ann Aiken
United States District Judge